RHODE ISLAND DEPOSITORS ECONOMIC PROTECTION CORPORATION and Edward D. Pare, Jr., Receiver of Brown University Employees Credit Union

v.

**Wilhemina BROWN et al.**

v.

**ERNST & YOUNG et al.**

**Maurice C. PARADIS et al.**

v.

**RISDIC et al.**

**Maurice C. PARADIS et al.**

v.

**CENTRAL CREDIT UNION et al.**

Nos. 94–668–M.P., 94–716–M.P. and 94–720–M.P.

Supreme Court of Rhode Island.

July 14, 1995.

Leonard Decof, John S. Foley, Howard Klein, Jeffrey Pine, Rebecca Tedford Partington, Elizabeth Murdock Myers, Peter A. McGinn, Jerome Snider, Shelia High King, James Carroll, Kirsten Lacovara, George

Vetter, John Bomster, John Tarantino, Paul Izzo, Erik Lund, Laurence Field/Gordon Cleary, Kimberly Simpson, John Bulman, Eva Mancuso, Daniel Kolb, John Matson, William P. Hammer, Jr., J. Andrew Heaton, Nicholas C. Theodorou.

## ORDER

This case came before a hearing panel of this court for oral argument on June 27, 1995, on an appeal by third-party defendant Ernst & Young from a Superior Court order approving a settlement between the receiver of the Brown University Employees Credit Union (Brown Union) and the former directors and officers of the Brown Union. We affirm the order and dismiss the appeal. The facts of the case insofar as pertinent to this appeal are as follows.

On January 1, 1991 the Governor of this state closed a number of credit unions including the subject institution when it was determined that Rhode Island Share and Deposit Indemnity Corporation (RISDIC) was insolvent. The subject Brown Union was not eligible for federal insurance and, therefore, was placed in receivership. Ernst & Young had reviewed Brown Union's financial statements in 1990. It had also received massive discovery from representatives of Rhode Island Depositors Economic Protection Corporation (DEPCO) and the receiver of Brown Union and other credit unions incident to litigation filed by DEPCO and the receiver against Ernst & Young in 1992. On September 29, 1994, DEPCO and the receiver of Brown Union filed action against the former directors and officers of Brown Union. The defendant officers and directors filed a third-party complaint against Ernst & Young.

The receiver and counsel for DEPCO entered into arms-length settlement negotiations with the former directors and officers of Brown Union. These negotiations produced a tentative agreement wherein defendants and their insurance carrier would pay to DEPCO and the receiver the sum of $956,-000. This was the total amount remaining under their insurance policy which had a maximum coverage of $1,000,000. This was a wasting assets policy pursuant to which the cost of defense would be deducted from any indemnification resulting from either settlement or judicial award.

Both the receiver and counsel for DEPCO considered this settlement proposal advantageous and presented it to a justice of the Superior Court who had been handling all receivership cases pursuant to the DEPCO legislation chapter 42–116 of the General Laws of Rhode Island (1993 Reenactment). Notice of the proposed settlement was sent to all creditors of Brown Union and all other interested parties including Ernst & Young. The sole objection raised to the settlement was by Ernst & Young which did not challenge the good faith of the settlement or suggest that the settlement was collusive or unfair. Ernst & Young's objection was based upon a desire for more discovery in respect to the factual underpinnings of the settlement and also an opportunity to determine proportionate fault that might be attributed to the former officers and directors.

The trial justice overruled this objection and stated that the proposed resolution through the settlement was based upon intense arms-length negotiations and that there was no indication of either collusion or bad faith. The trial justice determined that the settlement was fair and reasonable, that it was made in good faith, and was in the best interests of the moving parties and the receivership estate.

We are of the opinion that in so holding and finding, the trial justice was correct and committed no abuse of discretion. In our recent *Advisory Opinion to the Governor* (Section 42–116–40 of the DEPCO Act), and *DEPCO et al. v. Brown et al. v. Ernst & Young*, 659 A.2d 95 (R.I.1995), we rejected a challenge to the statute which modified our joint tort feasor act to provide that parties settling with DEPCO pursuant to approval by the court would not be subject to contribution to joint tortfeasors based on proportionate fault, but that a nonsettling party would receive the benefit of the actual amount of the settlement in reduction of any liability later determined on the part of the nonsettling party.

In seeking to require a finding of proportionate fault before approving the settlement,

Ernst & Young in effect would render the statute and our opinion nugatory. We believe that this position is without merit.

For the reasons stated, we are of the opinion that the Superior Court justice committed no error in finding this settlement fair, noncollusive, and in the best interests of all parties. Therefore, the appeal of Ernst & Young is denied and dismissed. The order of the Superior Court justice approving the proposed settlement is hereby affirmed.

SHEA and LEDERBERG, JJ., did not participate.